No. 11-1646 – *Credit Acceptance Corp. v. Robert J. Front and Billye S. Front*
and
No. 12-0545 – *Credit Acceptance Corp. v. Ocie Shrewsbury*

**FILED**

*June 19, 2013*
*released at 3:00 p.m.*
*RORY L. PERRY II, CLERK*
*SUPREME COURT OF APPEALS*
*OF WEST VIRGINIA*

**Justice Ketchum, concurring:**

I concur with the majority's opinion, but write separately to make two points.

First, in crafting Syllabus Point 3, the majority opinion relied upon the recent case of *Kahn v. Dell, Inc.*, 669 F.3d 350 (3rd Cir. 2012), in deciding whether the unavailability of a chosen arbitration forum renders an arbitration agreement unenforceable. Syllabus Point 3 makes a distinction between whether the choice of the arbitration forum is an "ancillary logistical concern" or an "integral" part of the agreement to arbitrate.

However, the majority opinion gives no guidelines as how to determine if an agreement's choice of a forum is an "ancillary logistical concern" or an "integral" part of the arbitration agreement. I would have, like the *Kahn* case, made this clear by adding the following sentence at the end of Syllabus Point 3: "In this light, the parties must have unambiguously expressed their intent not to arbitrate their disputes in the event that the designated arbitral forum is unavailable." *Kahn* 669 F.3d at 354. I believe that a court should decline to appoint an alternate arbitrator only when the original choice of forum was "so central to the arbitration agreement that the unavailability of that arbitrator [brings] the agreement to an end." *Id.*

1

Second, our recent cases discussing unconscionability in contracts have held that there must be proof of both procedural and substantive unconscionability, judged on a sliding scale. Syllabus Point 20, *Brown v. Genesis Healthcare Corp.*, 228 W.Va. 646, 724 S.E.2d 250 (2011) ["*Brown I*"]. Under our recent case law, "[t]o be unenforceable, a contract term must—at least in some small measure—be both procedurally and substantively unconscionable." *Dan Ryan Builders, Inc. v. Nelson*, 230 W.Va. 281, 289, 737 S.E.2d 550, 558 (2012) (quotations omitted).

However, in footnote 8 of the majority opinion, Justice Davis questioned the need for the sliding scale adopted in Syllabus Point 20 of *Brown I* that requires *both* substantive and procedural unconscionability. This Court was one of the twelve state supreme courts to have adopted or reaffirmed a sliding scale approach since 2000. *See* Melissa T. Lonegrass, *Finding Room For Fairness in Formalism – The Sliding Scale Approach to Unconscionability*, 44 Loy. U. Chi. L. J. 1, 6 (2012). However, of these twelve courts, "five have further expanded the sliding scale approach to hold that a finding of unconscionability may rest on evidence of either procedural or substantive unconscionability without requiring evidence of both." *Id.*[1]

----

[1] *See Razor v. Hyundai Motor Am.*, 854 N.E.2d 607, 622 (Ill. 2006) ("Unconscionability can be either 'procedural' or 'substantive' or a combination of both."); *Brewer v. Mo. Title Loans, Inc.*, 323 S.W.3d 18, 22 (Mo. 2010) (en banc), *vacated on other grounds*, 131 S. Ct. 2875 (2011) (mem.) ("Under Missouri law, unconscionability can be procedural, substantive or a combination of both."); *Cordova v. World Fin. Corp. of N.M.*, 208 P.3d 901, 907-08 (N.M. 2009) ("While there is a greater likelihood of a contract's being invalidated for unconscionability if there is a combination of both procedural and substantive unconscionability, there is no absolute requirement in our law that both must be present to

Furthermore, our Legislature has suggested that both forms of unconscionability are not required. For example, the Uniform Commercial Code provisions pertaining to leases state that a lease contract or any clause of a lease contract may be voided if it is either procedurally or substantively unconscionable.[2] Likewise, the West Virginia Consumer Credit and Protection Act says that, regarding consumer credit sales, leases, or loans, a contract may be voided if it was either "induced by unconscionable conduct" or if the terms of the contract were unconscionable "at the time it was made."[3]

---

the same degree or that they both be present at all."); *Glassford v. BrickKicker*, 35 A.3d 1044, 1049 (Vt. 2011) (*citing Val Preda Leasing, Inc. v. Rodriguez*, 540 A.2d 648, 652 (Vt. 1987)) ("The superior court was mistaken in assuming that the presence of procedural unconscionability is required to void a contract based on it containing unconscionable terms."); *Adler v. Fred Lind Manor*, 103 P.3d 773, 782-83 (Wash. 2004) (en banc); ("Substantive unconscionability alone can support a finding of unconscionability.").

[2]    *W.Va. Code* § 46-2A-108 [1996] states, in part (with emphasis added):

> (1) If the court as a matter of law finds *a lease contract or any clause of a lease contract* to have been *unconscionable at the time it was made* the court may refuse to enforce the lease contract. . . .

> (2) With respect to a consumer lease, if the court as a matter of law finds that a lease contract or any clause of a lease contract has been *induced by unconscionable conduct . . . .* the court may grant appropriate relief.

> (3) Before making a finding of unconscionability under subsection (1) *or* (2), the court, on its own motion or that of a party, shall afford the parties a reasonable opportunity to present evidence as to the setting, purpose, and effect of the lease contract or clause thereof, or of the conduct.

[3]    *W.Va. Code* § 46A-2-121 [1996] states, in part:

> (1) With respect to a transaction which is or gives rise to a

Justice Davis correctly finds that this issue was neither briefed by the parties nor needed to be addressed to resolve this case. However, in the future, I believe that this Court should revisit Syllabus Point 20 of *Brown v. Genesis Healthcare Corp.* [*Brown I*] and clarify this point of law.

---

consumer credit sale, consumer lease or consumer loan, if the court as a matter of law finds:

> (a) The agreement or transaction to have been unconscionable at the time it was made, or to have been induced by unconscionable conduct, the court may refuse to enforce the agreement[.]

4